[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10674

Non-Argument Calendar

_____

THE VISIONARY, BOOKS + CAFE, LLC,

Plaintiff-Counter Defendant-Appellant,

*versus*

BANK OZK,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-00014-SEG

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

In early May of 2021, The Visionary, Books + Café filed an application for a grant under the Restaurant Revitalization Fund administered by the U.S. Small Business Administration. Soon thereafter, the SBA approved the application and awarded Visionary a grant of $2.86 million. The U.S. Treasury transmitted the money to Visionary through a government automated clearing house (ACH) transaction to Bank OZK, Visionary's financial institution. Bank OZK received the ACH credit entry for the funds on May 24, 2021.

Due to the size of the transaction, Bank OZK initiated an investigation and determined that the ACH credit entry might be fraudulent because Visionary's account had almost no activity; the account information listed Visionary as a financial consultancy and not a restaurant; and Visionary's address was a box at a UPS store. Bank OZK placed a hold on the RRF funds in Visionary's account and returned those funds to the U.S. Treasury on May 26, 2021. Visionary tried to have the SBA send the funds back to its account but was unsuccessful.

Visionary instituted an arbitration proceeding against Bank OZK in March of 2022 under the Commercial Arbitration Rules of the American Arbitration Association. Visionary asserted a number of claims under Georgia law, including claims for computer invasion of privacy, computer theft, computer forgery, account

takeover, breach of privacy and security, tortious interference, theft, conversion, check/negotiable instrument fraud, breach of contract, breach of implied duty of good faith and fair dealing, defamation, identity theft, negligence, negligent misrepresentation, and fraudulent misrepresentation. Visionary also asserted claims for violations of the Georgia UCC, the Georgia Fair Business Practices Act, 42 U.S.C. § 1981, and the Fourteenth Amendment to the U.S. Constitution. Visionary sought over $10 million in compensatory damages (including treble damages), and over $45 million in punitive damages, plus attorney's fees and costs

After hearing evidence from the parties in May and July of 2023, a AAA panel comprised of three arbitrators issued a 31-page award in favor of Bank OZK on all of Visionary's claims. As relevant here, the panel found that Bank OZK "acted in good faith, in a commercially reasonable manner, and in accordance with the applicable laws and regulations" in connection with the ACH credit entry, and in accordance with the parties" account agreement and all other applicable laws, regulations, and agency guidance.

Visionary filed suit in Georgia state court seeking to vacate the arbitral award. Bank OZK removed the case to federal court and moved to confirm the award.

The district court entered an order granting Bank OZK's motion to confirm the arbitral award and denying Visionary's motion to vacate the award. It reasoned as follows. First, the Federal Arbitration Act, and not the Georgia Arbitration Code, governed. Second, the arbitration was binding on the parties.

Third, Visionary's argument that the arbitrators "exceeded their powers" under 9 U.S.C. § 10(a)(4) failed. The arbitral award demonstrated that the arbitrators had interpreted Visionary's account agreement, and Visionary's disagreement with that interpretation was insufficient to overcome the FAA's presumption that arbitral awards should be confirmed. Fourth, and alternatively, the arbitral award would still be confirmed under the Georgia Arbitration Code's lesser "manifest disregard of the law" standard, *see* O.C.G.A. § 9-9-13, because the arbitrators "did not manifestly ignore the law."

This is Visionary's appeal. Exercising de novo review, *see Gherardi v. Citigroup Global Mkts., Inc.* 975 F.3d 1232, 1236 (11th Cir. 2020), we affirm the district court's well-reasoned order.[1]

As an initial matter, Visionary does not address the district court's alternative ruling that the arbitral award would be confirmed even under the Georgia Arbitration Code's lesser "manifest disregard of the law" standard. It does not cite to, much less discuss, O.C.G.A. § 9-9-13 in its brief. We have explained that when a district court bases its judgment on several alternative grounds, a party seeking to reverse that judgment must show that each of the alternative grounds constituted error: "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground

---

[1] On appeal Visionary appears to challenge only the arbitrators' resolution of its breach of contract claim, as it does not address any of the other claims. We therefore limit our discussion to the breach of contract claim.

for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Visionary's failure to challenge the district court's alternative ruling means that affirmance is in order.

Even if we address Visionary's arguments under the FAA, we reach the same result. Visionary contends that Bank OZK had "no right under the [a]ccount [a]greement to confiscate the funds" sent by the SBA, *see* Appellant's Br. at 20, but its arguments in support of that proposition fail.[2]

For example, Visionary argues that the arbitrators exceeded their powers under 9 U.S.C. § 10(a)(4) because they did not have the authority to interpret the account agreement in the way that they did. As Visionary sees things, the arbitral award contradicted the plain language of the account agreement, and the arbitrators should not have used the NACHA clearinghouse rules in interpreting the agreement and in evaluating Bank OZK's conduct. Visionary also contends that, under Georgia's version of Article 4A of the UCC, the RRF funds belonged to it, and not to Bank OZK, at the

---

[2] We note that Visionary and Bank OZK arranged for a stenographic record of the evidentiary hearing before the arbitrators, and later provided the arbitrators with transcripts of that hearing. *See* D.E. 12-1 at 8. The transcripts, however, were not included in the record in the district court and are not available to us. Our decision, therefore, is based on the four corners of the arbitral award.

time Bank OZK returned them to the SBA. *See* Appellant's Br. at 21-36, 40-50. These merits arguments, however, are premised on a misunderstanding of the limited judicial review permitted by § 10(a)(4).

"A party seeking relief under [§ 10(a)(4)] bears a heavy burden. 'It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error.' Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (citations omitted). That the arbitrators disagreed with Visionary's theory, and concluded that Bank OZK acted in accordance with the account agreement, *see* D.E. 12-1 at 18, does not mean that they exceeded their powers.

As the district court correctly explained, and as we have held, an arbitrator's incorrect interpretation of a contract does not permit vacatur under § 10(a)(4):

> AICSA contends that the Tribunal's interpretation was a misreading of the contract that effectively nullified that contract term, but the Tribunal explained exactly how it derived its ruling from the contractual language. Even if we were to accept that this interpretation is a misreading of the contract, "a court should not reject an award on the ground that the arbitrator misread the contract." That is because an arbitrator does not exceed his power when he

> makes errors.  To vacate an arbitral award on the merits of the arbitrator's contract interpretation would make meaningless the parties' bargained-for provisions establishing the finality of the arbitrator's interpretation.  And although AICSA disagrees, the Tribunal *did* interpret the contract.

*Hidroelectrica Santa Rita S.A. v. Corporacion AIC S.A.*, 119 F. 4th 920, 928 (11th Cir. 2024) (citations omitted).

To the extent that Visionary asserts that the arbitrators had no power whatsoever to construe the account agreement, *see* Appellant's Br. at 37-40, that contention also lacks merit.  Visionary asserted a breach of contract claim premised on Bank OZK's alleged failure to comply with the account agreement, and it was Visionary which introduced the agreement into evidence at the evidentiary hearing before the arbitrators.  *See* D.E. 12-1 at 7.  Visionary understandably wanted the arbitrators to apply the agreement in a certain way (i.e., in a way which showed that Bank OZK had acted wrongfully in returning the RRF funds to the SBA), but the breach of contract claim squarely placed the meaning (i.e., the construction) of the agreement before the arbitrators.  Having relied on the account agreement for its breach of contract claim, Visionary cannot now claim that the arbitrators had no authority to interpret that document.

**AFFIRMED.**